DAVIDSON v. CUNARD S. S. CO., Limited.

(Supreme Court, Appellate Division, Second Department. October 12, 1909.)

1. CARRIERS (§ 408*)—PASSENGERS—LOSS OF BAGGAGE.

In an action against a steamship company for loss of baggage, evidence *held* to sustain a finding that defendant delivered to plaintiff all the baggage it received from her.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1565; Dec. Dig. § 408.*]

2. COURTS (§ 189*)—JUDGMENT ON DIRECTED VERDICT—SETTING ASIDE.

A judgment rendered on a directed verdict is on the merits, so that, where the Municipal Court did not decide that the verdict directed by it was contrary to the law or evidence, it had no power to set it aside on the ground that the judgment entered thereon should have been without prejudice; Municipal Court Act (Laws 1902, p. 1563, c. 580) § 254, authorizing the verdict to be set aside because excessive or insufficient, or otherwise contrary to the law or the evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 409; Dec. Dig. § 189.*]

Appeal from Municipal Court of City of New York.

Action by Raitchel Davidson against the Cunard Steamship Company, Limited. From an order vacating a judgment for defendant and granting a new trial, defendant appeals. Reversed.

Argued before JENKS, GAYNOR, BURR, RICH, and MILLER, JJ.

Charles D. Miller, for appellant.
Lewis A. Rosen, for respondent.

MILLER, J. The action is that of passenger against common carrier for loss of baggage. At the close of the plaintiff's evidence, and again at the close of the case, motions were made by the defendant for a dismissal of the complaint, which were denied. After the defendant's motion for a dismissal at the close of the evidence had been denied, both sides moved for a direction of a verdict, whereupon the court reserved decision, and later rendered a judgment for the defendant on the merits.

The plaintiff took passage on one of the defendant's ships at Liverpool. She claimed that she had two pieces of baggage, a box and a bale, and that the box only was delivered to her on her arrival at New York. While she claimed a special contract by virtue of the payment of $2 for excess baggage, her evidence showed that the charge for extra baggage was for the box alone, and was made after her arrival at her destination, but before the delivery of the box. She claimed that the bale contained a baby carriage, a cradle, bedding, silver spoons, and articles of clothing. It is doubtful if any of the articles except the clothing could properly be classed as baggage. There was no evidence to show the value of the clothing, and, while there was some evidence to show the original cost of some of the articles, there was not sufficient evidence to show the value of any at the time of the loss. It would have been permissible for a jury to find upon the evidence that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

118 N.Y.S.—59

the defendant delivered to the plaintiff all of the baggage which it had received.

Section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580) specifies the grounds upon which the verdict of the jury may be set aside, or a judgment vacated, amended, or modified; i. e.:

"Upon the exceptions taken at the trial, or because the verdict is for excessive or insufficient damages, or otherwise contrary to the evidence, or contrary to law."

The sole ground upon which the order appealed from was made, as therein recited, was that the judgment should have been without prejudice to a new action. But the judgment was not one of nonsuit. A verdict directed by the court must have the same effect as one rendered by the jury upon the submission of the case to them. A judgment on the merits would have to be entered on such a verdict. The Municipal Court justice did not decide that the verdict, in theory directed by him, was contrary to the evidence or the law. It follows that the judgment on the merits was properly entered, and that the Municipal Court justice had no power to grant the motion on the ground stated in the order.

The order appealed from is reversed.

Order of the Municipal Court reversed, with costs, and judgment reinstated. All concur.